## Fore *v.* Folsom *et al.*

Judgment by default will be set aside, on motion and affidavit of merits and payment of costs, even though no excuse be offered for not pleading within the time prescribed by the rules of court.

IN error from the circuit court of Rankin county.

This was an action on the case brought by Folsom *v.* Fore, in the circuit court of Rankin county, on a promissory note. On the second day of the return term of the original writ, no plea being filed, the plaintiff below took judgment by default, on the ground of "meritorious defence," that the consideration of the note was a gambling debt. The defendant, Fore, made affidavit that the note was given to secure the payment of a *wager on an election,* which fact he expected to establish on the trial, and swore that his affidavit was not made for delay, but that justice might be had. Which motion the court overruled.

Exceptions and writ of error to this court.

Howard for plaintiff in error.

A judgment by default will be set aside on affidavit of merits, where the opportunity for a trial has not been lost. In such a case it is not necessary to render an excuse why the defence was not made within the rules of pleading. The court will not deny justice to the defendant, where the plaintiff will be put in no worse condition by being delayed of his trial and opportunity to establish his right to judgment.

The case in 2 Johnson's Cases, 113, requiring an excuse to be rendered why the pleas were not filed within rules, is overruled. 6 Johnson's Rep. 131. In this case, the only reason rendered in the affidavit, was, that the defendant was so much engaged in other business, that he omitted to employ an attorney to defend his suit. This was no excuse whatever, and the judgment was set aside on the ground, that the court would grant a trial whenever the party swears to merits, and an opportunity of

[Fore *v.* Folsom *et al.*]

trial had not been lost.  Such was also the decision of this court, in the case of Porter *v.* Johnson, 2 Howard's Reports, 736. The only excuse assigned in that case was, that the defendant was but recently advised, that, it was necessary to make his defence.  This could in law be no excuse, because it was only an ignorance of the law, which is no reason.  The ground of the decision is, that the court will set aside the judgment on affidavit of merits, where the opportunity for trial has not been lost at the term at which the application is made.  No inconvenience can grow out of this rule, but to insist upon an excuse will often cause a failure of justice.  I do not think, that, this is a case where the rule insisted on by the plaintiff is required for the purpose of justice, or the conducting of business in the courts of justice.

Collins, *contra.*

The affidavit is insufficient, because it does not state or show any excuse whatever for not filing a plea in the time allowed by law for pleading.  See 2 Johns. Cases, 113.

A judgment by default will not be set aside on the simple affidavit of merits, although the plaintiff may not have lost an opportunity of trial at the same term of court; the affidavit must show some excuse for not pleading.  *Ibid.*

This case differs from the case of Porter *v.* Johnston, 2 How. 736; there an affidavit stated as an excuse that the defendant (in the court below,) had been but recently advised that it was necessary to make the defence; here it is not so.

Opinion of the court, by Mr. Justice TURNER.

It is contended on the part of the plaintiff below, that the affidavit is insufficient, in this, that it did not set forth any reason for not pleading in time, according to the rules of court.

To this it is answered that, if the defendant below makes affidavit that he has a meritorious defence to the action, showing what the merits are, that the court may judge of them, and makes his motion in time so as not to delay trial, the court will, and should set aside a judgment by default, and allow a plea to the merits; and of this opinion is this court.  I consider

that it is the long established practice of the courts of the country to do this. The ends of justice are promoted by this course. The court will, in its discretion, see that no injustice is done to the opposite party, and will put the party in default upon terms, such as payment of costs, pleading instanter, and not delaying the trial of the cause. In this case the jury were in attendance, and the defence set up is a legal defence against the note sued on. See 6 John. Rep. 130, 131; Tidd, 592, 508; 2 Stra. 975; 4 Burr, 1996, 568.

Judgment reversed, and cause remanded for proceeding in the court below.